**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NICHOLAS ALIBERTO<br>902 Spencer Drive<br>Croydon, PA 19021<br><br>    Plaintiff,<br><br> v.<br><br>GENTELL, INC.<br>2701 Bartram Road<br>Bristol, PA 19007<br><br>    Defendant. | CIVIL ACTION NO. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT – CIVIL ACTION**

Plaintiff Nicholas Aliberto ("Plaintiff"), by and through his undersigned counsel, for his Complaint against Gentell, Inc. ("Defendant"), alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this action to redress violations by Defendant of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.100 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* and the Pennsylvania Worker's Compensation Act ("PWCA"), 77 P.S. § 1-1031 *et seq.*,

**PARTIES**

2. Plaintiff, Nicholas Aliberto, is an adult American citizen who currently maintains a residence at 902 Spencer Drive, Croydon, Pennsylvania 19021.

3. Defendant, Gentell Inc., is a professional corporation operating and existing under the laws of the Commonwealth of Pennsylvania, with a business address of 2701 Bartram Road, Bristol, Pennsylvania 19007.

4. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

5. Paragraphs 1 through 4 are hereby incorporated by reference as though the same were more fully set forth at length herein.

6. This action is authorized and instituted pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

7. On or about June 22, 2017, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, thereby satisfying the requirements of 42 U.S.C. §§ 2000e5(b) and (e). Plaintiff's EEOC Charge was docketed as EEOC Charge Number 530-2017-03022. Plaintiff's EEOC Charge was filed within one hundred and eighty (180) days of the unlawful employment practice.

8. By correspondence dated November 27, 2017, Plaintiff received a Notice of Right to Sue from the EEOC regarding his Charge, advising him that he had ninety (90) days to file suit against the Defendant.

9. Plaintiff has therefore exhausted his administrative remedies and has complied with all conditions precedent to maintaining this action.

10. This Court has original jurisdiction over Plaintiff's ADA claim and FLSA claim, pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

11. This Court had pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims arise from the same nucleus of operative fact as his federal claims.

12. The venue in this district is proper pursuant to 28 U.S.C. § 1391, inasmuch as Defendant resides in this district and conducts business therein, and the events giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

### FACTS RELEVANT TO PLAINTIFF'S FLSA AND PMWA CLAIMS

13. Paragraphs 1 through 12 are hereby incorporated by reference as though the same were more fully set forth at length herein.

14. Plaintiff was hired by Defendant in or about June 2014 into the respective positions of "warehouse laborer" and "driver."

15. Plaintiff worked in excess of forty hours per work week.

16. Although Plaintiff's hours worked per week ranges, Plaintiff worked on average between fifty (50) and seventy (70) hours per week and occasionally as much as seventy-five (75) hours in a week.

17. Plaintiff was not compensated for the work he performed over forty (40) hours. Significantly, Defendant did not compensate Plaintiff at 1.5 times his regular rate of pay for work performed in excess of forty (40) hours in a workweek.

18. Plaintiff was not exempt from overtime within the meaning of the FLSA/PMWA.

19. Plaintiff did not exercise discretion or independent judgment regarding matters of significance to Defendant. Plaintiff spent all of his time providing non-exempt, manual labor and driving services.

20. There are no exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff.

21. Plaintiff was, within the meaning of the FLSA and PMWA, a non-exempt employee of Defendants and therefore entitled to overtime compensation for the hours he worked over forty (40) in a workweek.

22. Further, Defendant deducted thirty (30) minute breaks for lunch from Plaintiff's pay every day.

23. However, Plaintiff on average missed three (3) of these unpaid breaks per week.

24. There was no mechanism in place for Plaintiff to notify Defendant that his unpaid breaks were being missed and to recover pay for the work performed during these unpaid breaks.

25. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

**FACTS RELEVANT TO PLAINTIFF'S ADA, PHRA AND PWCA CLAIMS**

26. Paragraphs 1 through 25 are hereby incorporated by reference as though the same were more fully set forth at length herein.

27. Over the course of Plaintiff's employment with Defendant, he received positive reviews of his performance, occasional raises, and no significant discipline.

28. In Plaintiff's capacity as a warehouse laborer, he was responsible for lifting and moving heavy boxes and equipment with both his hands and the use of heavy machinery.

29.     In or about January 2016, Plaintiff sustained injuries to his lower back while moving a box weighing approximately sixty-five pounds.  Specifically, upon moving the box in question, Plaintiff felt immediate pain in his back and reported the same to his immediate supervisor, Mike Morris ("Mr. Morris").

30.     In response, Mr. Morris instructed Plaintiff to go to the hospital.

31.     Accordingly, Plaintiff went to Aria Jefferson Health's campus located in Langhorne, PA approximately one to two weeks later. After continued treatment with his pain management physician, Plaintiff was eventually diagnosed with a herniated disc in his lumbar spine and a tear in his lower back muscles.

32.     In March 2016, as a result of these injuries, Plaintiff was taken out of work for one week and then resumed his normal duties, at which time Plaintiff informed Mr. Morris that he required light duty accommodations.

33.     In conjunction with this request, Plaintiff submitted a light duty note, dated March 18, 2016, from Dr. Sofia Lam ("Dr. Lam").  The restrictions imposed by Dr. Lam included no bending or twisting, no lifting or carrying more than ten pounds, no pushing or pulling, no sitting or standing in one position for more than twenty minutes, and no ambulating for more than ten minutes.

34.     In response to this request for an accommodation, Mr. Morris indicated that Defendant would "get someone to help me."

35.     Initially, Defendant accommodated Plaintiff's restrictions for approximately one week.  However, upon relaying Dr. Lam's restrictions to Defendant's Owner, Dave Navazio ("Mr. Navazio"), Plaintiff was told to "do your job or go the fuck home and find another job."

Significantly, despite resubmitting the request for light duty in July and August of 2016, Plaintiff never received the light duty assignment that he was initially promised by Mr. Morris.

36. In or about the beginning of October 2016, Plaintiff was again injured on the job after he had attempted to catch a bundle of boxes that was falling in his direction.

37. As a result of this injury, Plaintiff felt significant pain in his right shoulder and had significant lacerations on both arms.

38. After informing Mr. Morris of the injury and his need to go to the hospital, Mr. Morris simply ignored Plaintiff and resumed the work that he was presently occupied with.

39. Accordingly, Plaintiff stepped out of Mr. Morris' office and called the worker's compensation adjuster associated with the first injury, at which time Mr. Morris became incredibly hostile towards Plaintiff for reporting the injury as work related.

40. Notwithstanding Mr. Morris' response, Plaintiff once again went to Aria Jefferson's Langhorne campus and learned that he had torn my right rotator cuff and some additional tendons in his neck and shoulder area.

41. Plaintiff was taken out of work until October 31, 2016, at which time he returned to work and resumed his full duty responsibilities (Defendant had again rejected Plaintiff's request for light duty).

42. Despite Plaintiff's efforts and returning to work, Plaintiff was taken out of work completely on November 14, 2016, with no specified return date. Subsequently, on November 25, 2016, Plaintiff was told to return all company property.

43. Significantly, in connection with this directive, Mr. Morris informed Plaintiff that he was not being terminated, but that Defendant could just not afford to "have me on the books" while I was on leave.

44. During Plaintiff's absence, he learned that his back and shoulder injuries would require surgery on 2/8/2017, which he conveyed to Mr. Morris and Mr. Navazio in person on January 3, 2017. Mr. Morris and Mr. Navazio seemed to understand and told Plaintiff to do what he needed to do to get better.

45. However, approximately one month later, on February 8, 2017, Plaintiff received a standard COBRA notification indicating that his employment with Defendant had already been terminated effective December 31, 2016, a fact which Mr. Morris and Mr. Navazio clearly did not choose to share with him during our January 3 meeting.

46. It is believed and therefore averred that Defendant terminated Plaintiff's employment because of his actual and/or perceived disabilities, and in retaliation for his request for an accommodation in connection thereto and in retaliation for filing a worker's compensation claim.

47. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, and other economic damages, and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME COMPENSATION

48. Paragraphs 1 through 47 are hereby incorporated by reference as though the same were fully set forth at length herein.

49. Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

50.     Moreover, Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

51.     Plaintiff worked in excess of forty (40) hours per week. Despite working in excess of 40 hours per week, Plaintiff was denied overtime compensation for compensable work performed in excess of 40 hours per week in violation of the FLSA.

52.     Defendants failed to pay Plaintiff at a rate of 1.5 times that of his regular rate of pay for each hour he worked in excess of forty (40) hours in a work week.

53.     Defendants failed to provide a mechanism in which Plaintiff could report work done during unpaid breaks.

54.     The foregoing actions of Defendants and the policies and practices of Defendants violate the FLSA.

55.     Defendants' actions were willful, not in good faith and in reckless disregard of clearly applicable FLSA provisions.

56.     Defendants are jointly and severally liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

   A.     Adjudicating and declaring that Defendants violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours worked, some of which were in excess of forty (40) hours per week;

B. Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

C. Awarding Plaintiff liquidated damages in accordance with the FSLA;

D. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

E. Awarding pre- and post-judgment interest and court costs as further allowed by law;

F. Such other and further relief as is just and equitable under the circumstances.

## COUNT II
## PENNSYLVANIA MINIMUM WAGE ACT
## 43 P.S. § 333, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

57. Paragraphs 1 through 56 are hereby incorporated by reference as though the same were fully set forth at length herein.

58. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

59. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

60. By its actions alleged above, Defendants have violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation.

61. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, as a result of the unlawful conduct of the Defendants, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant the maximum relief allowed by law, including, but not limited to:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which he is entitled, including interest thereon, and penalties subject to proof;

B. An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

C. An award to Plaintiff for any other damages available to him under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT III
## THE AMERICANS WITH DISABILITIES ACT
## 42 U.S.C § 12101, *ET SEQ.*
## DISCRIMINATION AND RETALIATION

62. Paragraphs 1 through 61 are hereby incorporated by reference as though the same were more fully set forth at length herein.

63. At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

64. Pursuant to the ADA, Plaintiff is a qualified individual with one or more disabilities.

65. Plaintiff's injuries substantially limit his ability to engage in major life activities.

66. Defendant was aware of Plaintiff's disabilities and/or regarded Plaintiff as being disabled.

67. Despite his disability, Plaintiff would have been able to perform the essential functions of his job with or without a reasonable accommodation.

68. By reasons of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by failing to engage in the interactive process of determining reasonable accommodations for Plaintiff, and by terminating Plaintiff's employment because of his actual and/or perceived disability and request for reasonable accommodations in connection thereto.

69. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

**WHEREFORE**, as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorneys' fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT IV
## THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *ET SEQ.*
## DISCRIMINATION AND RETALIATION

70. Paragraphs 1 through 69 are hereby incorporated by reference, as though the same were more fully set forth at length herein.

71. Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, due to his neck injury, shoulder injury, torn rotator cuff, herniated disc in his lumbar spine and a tear in his lower back muscles. These conditions substantially limit Plaintiff's ability to perform major life activities.

72. Plaintiff was/is able to perform the essential functions of his job with or without a reasonable accommodation.

73. It is believed and therefore averred that Defendant terminated Plaintiff's employment on the basis of his actual and/or perceived disabilities and in retaliation for his requests for a reasonable accommodation.

74. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

75. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, and grant him the maximum relief allowed by law, including, but not limited to:

  A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

  B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

  C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

  D. Pre-judgment interest in an appropriate amount; and

  E. Such other and further relief as is just and equitable under the circumstances;

  F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT V
## PENNSYLVANIA WORKER'S COMPENSATION ACT/WRONGFUL DISCHARGE UNDER PENNSYLVANIA COMMON LAW
## <u>RETALIATION</u>

76. Paragraphs 1 through 75 are hereby incorporated by reference as though the same were more fully set forth at length herein.

77. At all times relevant hereto, Defendants were subject to the provisions of the PWCA.

78. In or around January, 2016 and October, 2016, during the course of his employment, Plaintiff suffered work-related injuries that caused Plaintiff to require medical care and treatment.

79. As a result of Plaintiff's workplace injuries set forth above, Plaintiff, in or around October 2016, filed a petition for worker's compensation benefits against Defendants.

80. The PWCA, in pertinent part, prohibits an employer from taking any adverse employment action against an employee in retaliation for that employee exercising his right to file a petition for worker's compensation benefits thereunder.

81. Plaintiff was terminated shortly after his injuries and filing a worker's compensation claim.

82. It is believed and therefore averred that Defendants unlawfully violated Pennsylvania's Worker's Compensation Law and/or the public policy exception to Pennsylvania's common law tradition of at-will employment by unlawfully and retaliatory terminating Plaintiff's employment because of Plaintiff's claim for benefits under Pennsylvania's Worker's Compensation Law.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants and grant him the maximum relief allowed by law, including, but not limited to:

a. Back wages, front pay, loss of fringe benefits, and raises in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

b. Compensatory, exemplary, and/or punitive damages;

c. Pre-judgment interest in an appropriate amount; and

d. Such other and further relief as is just and equitable under the circumstances;

e. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

MURPHY LAW GROUP, LLC

By: _____
Michael Murphy, Esq.
Murphy Law Group, LLC
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-0210
murphy@phillyemploymentlawyer.com
*Attorney for Plaintiff*

Dated: January 16, 2018

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his potential claims and his claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.